THE PEOPLE ᴇx ʀᴇʟ. JEPTHA W. BABCOCK ᴀɴᴅ ᴏᴛʜᴇʀs, APPELLANTS, *v.* JOHN T. MURRAY ᴀɴᴅ ᴏᴛʜᴇʀs, RESPONDENTS.

*Appointment to office — need not be in writing — chap. 175, of 1870 — Commissioners of excise.*

No deed or writing is requisite to give validity to an appointment to an office in this State, unless the statute prescribes that formality; but an appointment by parol is valid.

Commissioners of excise may be appointed, in pursuance of chapter 175, Laws of 1870, by parol.

APPEAL from a judgment in favor of the defendants, entered upon the trial of this action by the court without a jury.

On or about the 11th day of April, 1870, the defendants were severally duly appointed commissioners of excise of the city of Lockport, and qualified and entered upon the discharge of their duties.  In April, 1873, the mayor of the city of Lockport stated orally to the other members of the common council of said city : " I nominate [the relators] to be commissioners of excise ;" and the members of the council voted in favor of concurring in such nominations.  The relators took the oath of office, filed the same with the city clerk, and assumed to act as commissioners of excise of said city.  The mayor never issued commissions to them.  From May, 1873, until June 1, 1874, the defendants did not meet or transact business as a board of excise, but on the day last named, they did meet as such board and grant licenses.

On the 18th day of June, 1874, this action in the nature of *quo warranto* was brought. The complaint alleged the due appointment of relators, that they were rightfully entitled to said office, and that defendants had usurped the same. The defendants answered separately and denied the complaint and set up title to the office in themselves.

*Holmes, Fitts & Chipman*, for the appellants.

*Geo. C. Greene*, for the respondents.

GILBERT, J. :

We are of opinion that the relators were legally appointed. In this State, public offices are not the subject of grant or livery. They are mere agencies, created for the benefit of the public, and not of the incumbent. (*Conner* v. *The Mayor*, 1 Seld., 285.) An appointment to an office is only the execution of a power given by statute, and does not operate in any sense as a transfer of property or franchise from the person who makes the appointment, to him who receives it. No deed or writing, therefore, is requisite to give it validity, unless the statute prescribes that formality, but an appointment by parol is valid. (Bac. Ab., Offices and Officers, E.) By 1 William and Mary, chapter 21, section 5, confirming 37 Henry VIII, chapter 1, the *custos rotulorum*, shall, from time to time, when the office of the clerk of the peace is void, nominate and appoint one able and sufficient person residing in the county, etc., clerk of the peace. It was held that the appointment may be by parol, and without deed. (*Saunders* v. *Owen*, 2 Salk., 467; S. C., 12 Mod., 200.) The principle is, that whatever is to take effect out of a power or authority, or by way of appointment, is good without deed; otherwise where it takes effect out of an interest, and is to inure as a grant; for then if it be of a thing incorporeal, it must be by deed. Delivery is requisite to perfect a gift of a thing corporeal. (Com. Dig., Biens, D. 2.) Such is the common law, and I cannot find that it has been changed. The legislature alone could do that (Const., art. 1, § 17) ; and it does not appear that they have done it. It is urged indeed, that the statute which requires that " the commissions of all officers, where no special provision is made by law, shall

be signed by the presiding officer of the board or body, or by the person making the appointment" (1 R. S., 118, § 19), makes the signing of a commission essential to complete an appointment. This statute embraces only public officers of the State, other than militia and town officers. (*People* v. *Molineux*, 53 Barb., 9; S. C., 40 N. Y., 113.) It is at least doubtful, whether commissions of excise are included in it. But assuming that they are, the commission forms no part of the appointment. It is only evidence of it. (*Marberry* v. *Madison*, 1 Cranch, 137; *Billy, a Slave,* v. *The State*, 2 Nott & McC., 357.) The legislature having omitted to prescribe in what manner the appointment should be made, any act of the mayor, whereby he designated the relators as the persons whom he had chosen to fill the offices, followed by their qualification as such officers, was sufficient. (*The People* v. *Van Slyck*, 4 Cow., 324.) Such designation of the relators was in fact made. They accepted the office and entered upon the discharge of the duties thereof. We cannot doubt that the appointments were sufficiently proved, and were valid against everybody, and especially against the defendants, whose only claim to the office rests on the assumption of a right to "hold over," by reason of a technical defect in the title of their successors.

The judgment must be reversed, and a new trial granted.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment reversed, and new trial granted, costs to abide event.